MONGE, APPELLANT, *v.* THE REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Assignment of a Mortgage Credit.

No. 223.—Decided April 6, 1915.

RECORD OF TITLE—CONVEYANCE OR ENCUMBRANCE OF REAL PROPERTY RIGHTS—PREVIOUS RECORD.—Article 20 of the Mortgage Law provides that in order that the registrar may admit to record deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing the conveyance or encumbrance, or in whose name it is executed, must first appear of record.

ID.—PREVIOUS RECORD—MORTGAGE CREDIT—CANCELLATION OF MORTGAGE.—A regis-
trar cannot record a title such as a deed of assignment of a mortgage credit
when the interest sought to be recorded has been discharged and canceled
and does not appear of record in the registry.

The facts are stated in the opinion.

*Mr. Salvador Picornell* for the appellant.

Mr. Felipe Cuchí Arnau, the registrar, did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a public deed of January 19, 1915, executed before
Notary Salvador Picornell Cardona, Félix Dumas and Fran-
cisco Vargas García, jointly with their respective wives, as-
signed to Domingo Monge Hernández the first two instal-
ments of a mortgage debt created in favor of Pedro Virella
Uribe which they had acquired at a judicial sale, and upon
presentation of the said deed of assignment of mortgage
credit in the registry of property on February 2, 1915, the
registrar refused to admit the same to record for the reasons
stated in his subjoined decision, which reads as follows:

"Admission to record of the foregoing document is denied because
the instalments assigned appear to have been paid and canceled
by deeds of acquittance and cancellation executed before Notary
D. Miguel Zavaleta, in Guayama, on April 11, 1910, and June 1,
1911, the said cancellations having been recorded in this registry
on October 6, 1914, by a marginal note to record seven of property
No. 395 on the reverse side of page 35 of volume 9 of Arroyo."

From this decision the present administrative appeal was
duly taken, but no brief has been filed for the purpose of
showing the grounds on which appellant relies for a rever-
sal of the registrar's decision.

The record shows clearly that when on February 2, 1915,
Domingo Monge Hernández presented his deed in the regis-
try of property for record the instalments of the mortgage
credit assigned to him had already been paid and canceled
by public instruments dated April 11, 1910, and June 1, 1911,
and the cancellation appeared recorded in the registry since
October 6, 1914, therefore we must hold that the respondent

registrar acted correctly in refusing to admit the deed to record. Article 20 óf the Mortgage Law provides that in order that the registrar may admit to record or entry deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing the conveyance or encumbrance, or in whose name it is executed, must first appear of record; and as the right sought to be recorded had been satisfied and canceled in the registry previously, the registrar was unable to record the deed presented.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.